|   |   |   |
|---|---|---|
|   | UNITED STATES DISTRICT COURT | |
|   | SOUTHERN DISTRICT OF CALIFORNIA | |

| Jorge Alberto ALEJANDRE-SERVIN, | Case No.: 25-cv-3827-AGS-JLB |
|---|---|
| Petitioner, | **ORDER SCREENING PETITION AND REQUIRING RESPONSE** |
| v. | |
| WARDEN OF THE OTAY MESA DETENTION FACILITY, et al., | |
| Respondents. | |

Petitioner Jorge Alejandre-Servin seeks a writ of habeas corpus under 28 U.S.C. § 2241 to free him from immigration detention. At this stage, he need only make out a claim that is sufficiently cognizable to warrant a response. *See* Rules Governing Section 2254 Cases in the United States District Courts, Rule 4 (authorizing summary dismissal "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief"); *id.*, Rule 1(b) (permitting court to apply Rules Governing Section 2254 Cases to any "habeas corpus petition"). In this context, the relevant federal rules permit "summary dismissal of claims that are clearly not cognizable." *Neiss v. Bludworth*, 114 F.4th 1038, 1045 (9th Cir. 2024) (cleaned up). But "as long as a petition has any potential merit, it is not so frivolous or incredible as to justify summary dismissal[.]" *Id*.

Alejandre-Servin asserts that his detention violates due process, the Immigration and Nationality Act, the Administrative Procedures Act, and the Fourth Amendment. (*See generally* ECF 3.) The factual support for these claims is hard to pin down. According to the petition, on "about August 31, 2025," Alejandre-Servin, a "citizen and national of Mexico," last entered the United States and is currently detained in immigration custody. (ECF 1, at 3.) It's unclear when that detention began. (*Compare* ECF 1, at 3 ("Since the arrest on or about August 31, 2025, Mr. Alejandre-Servin has remained in the Respondents' custody."); *with id.* at 6 ("Petitioner has been detained since or about November 24, 2025.").) The allegations also make it difficult to ascertain if his current detention was

broken up by a parole grant (or otherwise) after his most recent entry. (*Compare id.* at 3 ("Since the arrest on or about August 31, 2025, Mr. Alejandre-Servin has remained in the Respondents' custody."); *with id.* at 7 ("Here, Mr. Alejandre-Servin was detained subsequently following his latest entry into the United States.").)

Given this muddled and inconsistent factual history, the Court struggles to predict how likely any of petitioner's claims are to succeed or even under what authority he is detained. Yet his claims are not frivolous. After all, some courts have concluded that prolonged detention can violate due process, even for arriving aliens subject to mandatory detention under 8 U.S.C. § 1225(b). *See, e.g.*, *Kydyrali v. Wolf*, 499 F. Supp. 3d 768, 772 (S.D. Cal. 2020) ("[T]he Court joins the majority of courts across the country in concluding that an unreasonably prolonged detention under 8 U.S.C. § 1225(b) without an individualized bond hearing violates due process."). Thus, the government must respond.

By **January 13, 2026**, respondents must answer the petition. Petitioner may reply by **January 20, 2026**. The Court will hold oral argument on **January 27, 2026**, at **2:00 p.m.**

Dated:  December 31, 2025

Hon. Andrew G. Schopler
United States District Judge